UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA C. A.,[1]<br><br>              Plaintiff,<br><br>   v.<br><br>MARTIN O'MALLEY,[2],<br>Commissioner of Social Security,<br><br>              Defendant. | Case No. 2:23-cv-05000-MAA<br><br>**MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER** |

**I.     INTRODUCTION**

      On June 23, 2023, Plaintiff filed a Complaint seeking review of the Commissioner's final decision denying her application for a period of disability and

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Disability Insurance Benefits pursuant to Title II of the Social Security Act. (ECF No. 1.) Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 7.) On August 28, 2023, the Commissioner filed an Answer and the Administrative Record ("AR"). (ECF No. 12.) On October 27, 2023, Plaintiff filed a Motion for Summary Judgment in Support of Remand ("Plaintiff's Brief"). (Pl's Br., ECF No. 20.) On December 20, 2023, Defendant filed Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion ("Defendant's Brief"). (Def's Br., ECF No. 24.) Pursuant to the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), Plaintiff's optional reply brief was due "within 14 days after service of" Defendant's Brief, or by no later than January 3, 2024. (ECF No. 11, at 2.)[3] *See* Supp. R. Soc. Sec. 8. The deadline for Plaintiff to file a reply to Defendant's Brief has passed with no reply filed, such that the matter is fully briefed. The Court deems the matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons discussed below, the Commissioner's final decision is reversed, and this matter is remanded for further administrative proceedings.

## II.   ADMINISTRATIVE HISTORY

On October 2, 2017, Plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning on January 13, 2016. (AR 195.) Plaintiff alleged disability from back pain, shoulder pain, neck pain, headaches, and knee pain. (AR 90.) After the Social Security Administration denied the applications initially and on reconsideration, on May 1, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 15, 140–44, 145–50.) On May 4, 2022, the ALJ held a telephonic hearing where Plaintiff appeared with counsel,

---

[3] With the exception of the Administrative Record, citations to pages in docketed documents reference the page numbers created by the CM/ECF headers.

and where the ALJ heard testimony from Plaintiff and a vocational expert. (AR 30–87.)

In a decision dated June 1, 2022, the ALJ denied Plaintiff's claim after making the following findings under the Commissioner's five-step evaluation. (AR 12–29.) Plaintiff had not engaged in substantial gainful activity since January 13, 2016, the alleged onset date, through December 31, 2018, the date Plaintiff was last insured. (AR 18.) Plaintiff had severe impairments, including: "degenerative disc disease, degenerative joint disease, headaches, and diabetes mellitus." (*Id.*) Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the agency's listed impairments. (*Id.*) Plaintiff had a residual functional capacity to perform light work, with the following additional limitations:

> [Plaintiff] can only stand and/or walk for four hours total in an 8-hour workday; she can sit for six-hours total in an 8-hour workday; she must avoid climbing ladders, ropes, and scaffolds; she can occasionally perform all other postural activities; she must avoid unprotected heights and dangerous machinery; she must avoid temperature extremes; she can only occasionally push and/or pull; she can only occasionally walk on uneven terrain; she can have only superficial contact with in-person public; she requires a break every two hours.

(AR 20.)

The ALJ further found that Plaintiff was capable of performing past relevant work as a dialysis technician. (AR 25.) Accordingly, the ALJ concluded that Plaintiff was not disabled, as defined by the Social Security Act, from January 13, 2016, through the date last insured. (*Id.*) On January 3, 2023, the Appeals Council denied Plaintiff's request for review. (AR 1–7.) Thus, the ALJ's decision became the final decision of the Commissioner.

///

### III. STANDARD OF REVIEW

This Court will disturb the Commissioner's final decision to deny benefits "only if it is not supported by substantial evidence or is based on legal error." *Treichler v. Commissioner of Social Security Administration*, 775 F.3d 1090, 1098 (9th Cir. 2014); 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation marks and citations omitted).

### IV. DISCUSSION

#### A. Disputed Issues

The parties raise following disputed issues:

1. Whether the ALJ erred in discounting the opinions of Dr. Darakjian.
2. Whether the ALJ erred in failing to reconcile conflicts between the Vocational Expert's testimony, the Dictionary of Occupational Titles, and the residual functional capacity.

(Pl's Br. 3; Def's Br. 4, 9.)

For the reasons discussed below, the Court finds that reversal and remand for further administrative proceedings are warranted for Issue One, based on the ALJ's

rejection of Dr. Darakjian's opinions. Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### B. Applicable Law

For claims, such as Plaintiff's claim, filed on or after March 27, 2017, an adjudicator "will not defer or give any specific evidentiary weight" "to any medical opinion(s) or prior administrative medical finding(s)," "including those from [a claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). An ALJ does not need to take medical opinions at face value and may consider the "quality of the explanation" when weighing a medical opinion. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). An ALJ must articulate how persuasive the ALJ found the medical opinions in the case record. 20 C.F.R. § 404.1520c(b). An ALJ's decision to discredit any medical opinion "must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

An ALJ cannot reject a medical opinion without explaining "how [the ALJ] considered the supportability and consistency factors." *Id.* at 792. "Supportability" means how well a medical source supports their opinion by explaining relevant objective evidence. *Id.* at 791–92; *see* 20 C.F.R. § 404.1520c(c)(1). "Consistency" refers to whether the medical opinion is consistent with "evidence from other medical sources and nonmedical sources in the claim." *Woods*, 32 F.4th at 792; *see* 20 C.F.R. § 404.1520c(c)(2). While "ALJs should endeavor to use [the] terms of art—'consistent' and 'supported'—with precision," it is sometimes possible to ascertain which factor the ALJ analyzed by looking at the context of the ALJ's

reasoning and whether the ALJ compared the opinion to the medical source's own treatment notes and objective findings (which goes to supportability) or other evidence in the record (which goes to consistency). *Woods*, 32 F.4th at 793 n.4 (although the ALJ used "not supported by" interchangeably with "consistency," the Court ascertained from context that the ALJ made a consistency finding because the ALJ analyzed the opinion against other treatment notes in the record).

### C. Background

Beginning in January 2015, Dr. Hrair E. Darakjian M.D., an orthopedic surgeon, treated Plaintiff for pain in her back, neck, shoulder, and leg. (AR 305, 347.) In treating notes spanning 2016 through 2019, Plaintiff reported back, neck, leg, and arm pain to Dr. Darakjian, who treated her with medication (Vicodin), and lidocaine patches. (AR 318–26, 337–42, 351–353.) On December 22, 2017, Dr. Darakjian gave Plaintiff a lumbar epidural steroid injection to address Plaintiff's L5-S1 disc herniation with radiculopathy. (AR 345–46.) On October 21, 2016 and July 6, 2017, Dr. Darakjian assessed that Plaintiff: could not lift more than ten pounds; could stand or walk for less than two hours per day; would need to change position every thirty minutes; had limited push/pull in both the upper and lower extremities; could occasionally bend, reach, handle, and finger; could never climb, crouch, balance, kneel, or crawl; could not work around fumes, odors, or chemicals. (AR 277–79, 306–09, 347–50.)

### D. Analysis

The ALJ found Dr. Darakjian's opinions not persuasive, reasoning that the opinions were unsupported by clinical findings and inconsistent with neurology records showing improvements in her pain. (AR 24.) Plaintiff argues that the ALJ mischaracterized the record in analyzing the supportability and consistency factors, and that the ALJ failed to support his findings with substantial evidence. (Pl's Br. 18–20.) Defendant argues that "[s]imply because the ALJ mis-cited some of the records does not warrant reversible, legal error." (Def's Br. 6–7.) Defendant

contends that the ALJ discussed the longitudinal history of Plaintiff's medical records and Dr. Darakjian's treatment history and that the ALJ's findings with respect to the supportability and consistency factors were supported by substantial evidence. (*Id*. at 7.)

The Court reviews the ALJ's evaluation of the supportability and consistency factors as to Dr. Darakjian's opinions in determining whether the ALJ's findings are supported by substantial evidence. *See Woods*, 32 F.4th at 787. Each factor is addressed in turn.

### 1. Supportability

The ALJ explained that Dr. Darakjian's opinions were "unsupported by clinical findings including an unassisted gait, full extremity strength, and unimpaired sensation to light touch and vibration, though with reduced spinal and right shoulder ranges of motion." (AR 24 (citing AR 305, 312, 314, 316, 318, 320, 322, 324, 326, 339, 343, 344, 351, 353, 356, 358, 360, 362).)

In analyzing the supportability factor, the ALJ considers the extent to which a medical source supports his or her explanations and explains the objective medical evidence forming the basis for the opinion. *See* 20 C.F.R. § 404.1520c(c)(1) ("Supportability examines the relevant objective medical evidence and supporting explanations presented by the source").

The Court has independently reviewed the medical evidence in the record and concludes that the ALJ's supportability finding is not supported by substantial evidence. While a January 9, 2017 evaluation noted Plaintiff's "[n]ornal heel-toe gait" (AR 305), normal gait does not inherently contradict the limitations assessed by Dr. Darakjian, and the ALJ did not explain how it did. *See Lassie Phone W. v. O'Malley*, No. 2:23-cv-06768-JDE, 2024 U.S. Dist. LEXIS 27747, at *22 (C.D. Cal. Feb. 1, 2024) (finding evidence of "normal gait" did not contradict medical assessment of postural limitations and ALJ's failure to explain otherwise constituted error); *Rosemary M.H. v. Comm'r of Soc. Sec.*, No. C22-5993-BAT,

2023 U.S. Dist. LEXIS 178857, at *4 (W.D. Wash. Sept. 28, 2023) (finding that normal gait was not a "measure of the length of time one can walk or stand," and therefore the ALJ erred in finding medical assessment that plaintiff could only stand and walk for two hours each day was unsupported). Moreover, the remainder of the January 9, 2017 evaluation reflected Plaintiff's limited range of motion in lumbar spine at 85%, positive straight leg raise bilaterally, and diagnoses of lumbar myofascial sprain, and right shoulder derangement, which support the limitations assessed by Dr. Darakjian. (AR 305.)

Certain records cited by the ALJ reflect Plaintiff's "reduced spinal and right shoulder ranges of motion." (AR 24; *see* AR 305, 312, 314, 322, 326, 360.) But the Court finds that Plaintiff's limited range of motion supports Dr. Darakjian's opinions, and the ALJ did not explain his reasoning to the contrary. The ALJ's reliance on Plaintiff's limited range of motion was therefore not supported by substantial evidence. *See Kathleen S. v. Comm'r of Soc. Sec.*, No. C23-5382-MLP, 2024 U.S. Dist. LEXIS 11997, at *7 (W.D. Wash. Jan. 23, 2024) (finding ALJ's discounting of medical opinion unsupported by substantial evidence because the records cited were sufficient to support the medical opinion).

The remainder of the exhibits and page numbers cited by the ALJ do not address Plaintiff's "full extremity strength," or "sensation to light touch and vibration." (AR 24 (citing 305, 312, 314, 316, 318, 320, 322, 324, 326, 339, 343, 344, 351, 353, 356, 358, 360, 362).) To the contrary, these medical examination notes from Dr. Darakjian reflected Plaintiff's reports of pain in her back, knee, neck, hip, and the corresponding treatment, including lidocaine patches, Vicodin, physical therapy, an epidural steroid injection, and recommendations of extending Plaintiff's disability and that she was unable to work. (AR 312, 314, 316, 318, 320, 322, 324, 326, 339, 343, 344, 351, 356, 358, 360, 362.) The Court reviewed the entirety of Dr. Darakjian's records to determine whether the ALJ's error was limited to "mis-citing," as Defendant contends, or mischaracterization of Dr.

Darakjian's clinical findings, as Plaintiff contends. (Def's Br. 6; Pl's Br. 19; AR 277–79, 305–62, 476–78, 494–515, 562–69.) The Court finds that the ALJ's characterization of Dr. Darakjian's records is inaccurate. Dr. Darakjian's records reflect Plaintiff's ongoing pain and unsuccessful treatment from 2015 through 2021. (*See* 277–79, 305–62, 476–78, 494–515, 562–69.) As a result, the ALJ's conclusion that Dr. Darakjian's opinions were unsupported by clinical findings is not supported by substantial evidence. *See Deborah v. Kijakazi*, No. SACV 22-894-KK, 2023 U.S. Dist. LEXIS 10373, at *19–20 (C.D. Cal. Jan. 19, 2023) (finding ALJ's supportability finding that relied on a mischaracterization of the medical records was not supported by substantial evidence).

        2.    <u>Consistency</u>

The ALJ found that Dr. Darakjian's opinions were "inconsistent with contemporaneous neurology records, which note improvements in her neck, back, and joint pain, as well as headaches, with steroid injections, medications, acupuncture, and physical therapy." (AR 24 (citing AR 281, 284, 288, 363, 558).)

In weighing the consistency factor, the ALJ considers whether a medical opinion is inconsistent with "the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

Here, the ALJ's characterization of Plaintiff's improvement in pain from steroid injections, medications, acupuncture, and physical therapy is not supported by substantial evidence. While certain treatment notes report improvement immediately following treatment, a review of the record as a whole demonstrates that Plaintiff's pain returned and worsened despite each treatment. A January 23, 2017 record from Dr. Doris Cardenas, Plaintiff's neurologist, showed improvement in Plaintiff's headache from acupuncture, but just over six months later, Dr. Cardenas recorded that Plaintiff's pain symptoms were not improving and she had new facial pain. (AR 281, 283.) Plaintiff's subsequent neurology treatment notes

continued to reflect Plaintiff's ongoing pain and lack of success from treatments. (AR 285–91, 328–36, 363–81, 554–61.) According to a progress note from January 12, 2018, Plaintiff was "still suffering from the chronic pain" and Plaintiff reported that Gabapentin had not helped her significantly control the pain, which sometimes was a "10 out of 10." (AR 288.) Plaintiff had also failed physical therapy. (*Id.*) The ALJ cited this record in support of the statement that Plaintiff had improved from treatment (AR 24), but this record does not reflect improvement (AR 288). The same is true for the other records cited by the ALJ in conjunction with his consistency finding. (AR 24 (citing AR 363, 558).) Those records—treatment notes from November 21, 2018 and May 22, 2019—showed that Plaintiff's pain continued and worsened. (AR 363, 558 ("significant neck pain and discomfort . . . pain is constantly there and it prevents [Plaintiff] from doing any type of activity.").) The ALJ's reliance on isolated instances of improvement despite the overall record demonstrating persistent pain was error. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (holding that ALJ may not "cherry-pick" evidence without considering its context in the record). Accordingly, the ALJ's finding that Dr. Darakjian's opinions were inconsistent with neurology records noting improvement is not supported by substantial evidence. *See Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (finding ALJ's reliance on isolated instances of improvement to discount medical opinion—when the weight of the evidence did not reflect improvement—was not supported by substantial evidence); *Menendez v. Comm'r of SSA*, No. CV-18-02470-PHX-JJT, 2019 U.S. Dist. LEXIS 170891, at *8 (D. Ariz. Oct. 2, 2019) (finding ALJ erred in consistency analysis by relying on notations of improvement that were not indicative of plaintiff's ongoing severe pain); *Ryan D. v. Comm'r, SSA*, No. 6:19-cv-00269-HZ, 2021 U.S. Dist. LEXIS 101615, at *18 (D. Or. May 28, 2021) (finding ALJ's rejection of medical opinion based on notations of improvement in medical record not supported by substantial

///

evidence where any pain relief was short-lived and treatment ultimately was ineffective at managing pain).

Defendant argues that the ALJ noted records by Dr. Cardenas showing normal examinations, which "support the ALJ's reasonable conclusion to find Dr. Darakjian's [opinion] unpersuasive." (Def's Br. 7.) However, the Court is constrained to "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). The only explanation provided by the ALJ for the consistency factor was not supported by substantial evidence.

## V. REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Here, further administrative proceedings are warranted because outstanding factual issues remain. For example, Dr. Darakjian's opinion is "inconsistent with the reports of other physicians." *Dominguez*, 808 F.3d at 409 (remanding for further administrative proceedings where this circumstance was present). The Social Security Administration's consultant examiner was not as restrictive as Dr. Darakjian in assessing Plaintiff's limitations. (AR 425–30.) Moreover, Plaintiff requests remanding this matter for further administrative proceedings as the only remedy. (Pl. Br. 27.) Based on its review and consideration of the entire record,

the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## VI.    ORDER

It is ordered that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED:  April 10, 2024

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE